IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER VIRGESS, AIS 247271, | : |
| Petitioner, | : |
| vs. | : CA 12-0431-CG-C |
| KENNETH JONES, | : |
| Respondent. | : |

# REPORT AND RECOMMENDATION

Christopher Virgess, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).[1]

# BACKGROUND

Virgess was indicted by the 2002 Winter Term of the Marengo County Grand Jury of the attempted murder of Beatrice Scott, in violation of § 13A-4-2 of the Code of Alabama, and the first-degree rape of Beatrice Scott, in violation of Ala.Code § 13A-6-61(a)(1). (*Compare* Doc. 10, Exhibit 1, Part 1, Indictment *with id.*, Part 2, Indictment.)

---

[1] Based on the contents of this report and recommendation, petitioner's motion for hearing (Doc. 8) is **DENIED**.

On May 5, 2006, Virgess entered counseled guilty pleas to the charges in the Circuit Court of Marengo County, Alabama, sitting in Livingston, Alabama. (*See* Doc. 10, Exhibit 1, Part 3, Guilty Plea and Sentencing, at 1.)[2] During that proceeding, Virgess requested his appointed attorney to speak for him and his attorney responded in the following manner when instructed by the trial judge to relay "what happened": "We believe based on the information that's been provided by the District Attorney's Office that had this matter been tried and the forensics report [] introduced in evidence that there would have been a positive DNA match that Mr. Virgess raped the victim and committed attempted murder." (Doc. 10, Exhibit 1, Part 3, Guilty Plea Transcript, at 3.)

On June 8, 2006, petitioner was sentenced by the Circuit Court of Marengo County, Alabama sitting in Linden, Alabama,[3] to a twenty year term of imprisonment for attempted murder and a twenty-five year term of imprisonment for first-degree rape. (*See id.*, Sentencing Transcript, at 2.) These sentences were ordered to run concurrently. (*Id.*) Mere seconds before sentencing, the trial court asked petitioner if he had anything to say before being sentenced, whereupon Virgess stated that he "pleaded guilty but Tim Soronen threatened" him. (*Id.*; *see also id.* ("That's the only reason I plead was I was scared for my life.").) The following day, June 9, 2006, petitioner filed written

---

[2] The Seventeenth Judicial Circuit of Alabama comprises the Circuit and District Courts of Marengo County, Alabama, the Circuit and District Courts of Sumter County, Alabama, and the Circuit and District Courts of Greene County, Alabama. (*See, e.g.,* Doc. 10, Exhibit 1, Part 2, ADMINISTRATIVE ORDER AUTHORIZING PAYMENT OF OFFICE OVERHEAD EXPENSES INCURRED IN REPRESENTING INDIGENT DEFENDANTS IN CRIMINAL MATTER.) Judge Eddie Hardaway, Jr., is the only sitting circuit judge for the Seventeenth Judicial Circuit of Alabama, *see* http://my-amicuscuriae.com/judge.php?cn=245 (last visited November 15, 2012), and, therefore, he "rides" the circuit, which, as aforesaid, includes Greene, Marengo, and Sumter counties, *id.* The Sumter County Courthouse is situated in Livingston, Alabama. *Id*.

[3] The Marengo County Courthouse is situated in Linden, Alabama. *See* http://my-amicuscuriae.com/judge.php?cn=245.

2

notice of appeal to the Alabama Court of Criminal Appeals (Doc. 10, Exhibit 1, Part 2, NOTICE OF APPEAL) and, on June 29, 2006, a motion to withdraw guilty plea (*see id*.).[4] As grounds for withdrawing his guilty pleas, Virgess argued that he entered same because he felt threatened by local law enforcement; that he had requested a second DNA exam but did not have time to obtain such test prior to trial; and, finally, that he was convinced that the DNA evidence the State would have introduced into evidence was tampered with in a manner to support his convictions and had he been afforded the opportunity to have a second examination, he is confident the results would have proven his innocence. (*See id*.) Virgess' motion to withdraw his guilty pleas was "denied by operation of law." (Doc. 10, Exhibit 4, MEMORANDUM, at 1, citing Ala.R.Crim.P. 24.2.)

The Alabama Court of Criminal Appeals affirmed petitioner's convictions and sentences by memorandum opinion entered on October 20, 2006. *See Virgess v. State*, 2 So.3d 938 (Ala.Crim.App. 2006) (table).

> The appellant argues that the trial court erroneously denied his motion to withdraw his guilty pleas because he did not knowingly, intelligently, and voluntarily enter his guilty pleas. Specifically, he contends that he entered his guilty pleas under duress because he had been threatened by a law enforcement officer.
>
>> The court shall allow withdrawal of a plea of guilty when necessary to correct a manifest injustice.
>
> Whether a defendant should be allowed to withdraw a plea of guilty is a matter solely within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing of abuse of that discretion.

---

[4] The motion to withdraw guilty plea was filed based upon the June 20, 2006 order of the Court of Criminal Appeals (*id*., ORDER), same reading, in relevant part, as follows: "[T]he Court of Criminal Appeals orders that the appellant shall have 14 days from the date of this order to certify to this Court the specific issues that were reserved for appellate review before the guilty plea was entered and/or to file a copy of any timely-filed motion to withdraw the guilty plea . . . ." (*Id*.)

3

In this case, the appellant signed a Request to Enter Guilty Plea form which stated:

> No one has threatened me or promised me any reward or inducement nor any hurt or harm to me or to anyone I am interested in to get me to plead guilty.

Also, during the guilty plea colloquy, the following occurred:

> THE COURT: Are you entering these pleas of your own free will?
>
> DEFENDANT: Yes.
>
> THE COURT: Nobody has threatened you[] or promised you any reward or hope thereof to get you to enter these pleas?
>
> DEFENDANT: No, sir.
>
> THE COURT: Are you satisfied with the services of your lawyer?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: You understand if the Court accepts these pleas, you give up your right to an appeal?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Having said that, do you still want to enter these guilty pleas?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Tell the Court what you did, what happened.
>
> MR. SMITH: Judge, Mr. Virgess asked me to speak on his behalf. We believe based on the information that's been provided by the District Attorney's office that had this matter been tried and the forensics report [] introduced in evidence that there would have been a positive DNA match that Mr. Virgess raped the victim and committed attempted murder.

When the trial court gave him an opportunity to speak during the sentencing hearing, the appellant made the bare allegation that he had

4

>pled guilty because Tim Soronen had threatened him. Further, his motion to withdraw his guilty pleas included only a bare allegation that he had pled guilty because he felt threatened by Soronen, who was a Demopolis police officer. However, the appellant did not provide any details regarding the alleged threats or when such alleged threats had been made. Because the appellant's claim consisted of bare allegations, the record does not indicate that a withdrawal of the guilty pleas was necessary to correct a manifest injustice in this case.
>
>II.
>
>The appellant also argues that the trial court erroneously denied his request for funds for a DNA expert and independent DNA testing. In Mitchell v. State, 913 So.2d 501, 505 (Ala.Crim.App. 2005), we held that, when appealing from a guilty plea, an issue must be both **preserved** by a timely and specific motion and/or objection and an adverse ruling from the trial court and **reserved** for appeal before the entry of the plea. In this case, the appellant did not reserve the right to appeal the denial of his request for funds for independent DNA testing before he entered his guilty pleas. Therefore, his argument is not properly before this court.
>
>III.
>
>Finally, the appellant argues that the trial court erroneously denied his motion to withdraw his guilty pleas because it did not advise him of the minimum and maximum possible sentences it could impose in his case. However, he did not present this specific argument in his motion to withdraw his guilty pleas. Therefore, he did not preserve it for our review.
>
>For the above-stated reasons, we affirm the trial court's judgment.

(Doc. 10, Exhibit 4, at 2-4 (quotation marks and most internal citations omitted; emphasis in original).) Petitioner's application for rehearing was overruled by the Alabama Court of Criminal Appeals on November 3, 2006 (Doc. 10, Exhibit 5) and his petition for writ of certiorari was denied by the Alabama Supreme Court on December 8, 2006, *see Ex parte Virgess*, 999 So.2d 600 (Ala. 2006) (table). A certificate of final judgment of affirmance was issued that same day, December 8, 2006. (Doc. 10, Exhibit 7.)

Virgess filed a Rule 32 petition in the Circuit Court of Marengo County, Alabama on October 7, 2010, collaterally attacking his convictions and sentences. (*Compare* Doc. 1,

at 4 *with* Doc. 10, Exhibit 8 (docket sheet).) Because, in petitioner's opinion, the trial court did not act timely on his Rule 32 petition, Virgess mandamused that court twice to the Alabama Court of Criminal Appeals (Doc. 10, Exhibits 9 & 10); however, on both occasions, Alabama's criminal appellate court denied Virgess' petitions for writ of mandamus (*compare* Doc. 10, Exhibit 9, July 18, 2011 Order ("Upon consideration of the above referenced Petition for Writ of Mandamus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby Denied.") *with id.*, Exhibit 10, February 28, 2012 Order ("'We are not inclined to issue writs of mandamus to subordinate courts merely because they have not acted immediately[.]' . . . The time involved in this case is not unreasonable. Accordingly, this petition for a writ of mandamus is hereby DENIED.").) Undaunted, Virgess even filed a § 1983 action in this Court against Marengo County Circuit Judge Eddie Hardaway, Jr. and the District Attorney of Marengo County because of the trial court's failure to rule on his Rule 32 petition, *see Virgess v. Hardaway*, 2012 WL 2277602, *1 (S.D. Ala. June 4, 2012); however, Magistrate Judge Katherine Nelson recommended that Virgess' § 1983 action be "dismissed with prejudice, prior to service of process, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Id.* at *4.[5] The report and recommendation of the Magistrate Judge was adopted as the opinion of this Court on June 18, 2012. *Virgess v. Hardaway*, 2012 WL 2276995 (S.D. Ala. June 18, 2012).

Instead of following Judge Nelson's advice to exhaust all state court remedies prior to filing a federal habeas corpus petition, Virgess simply filed such a petition in

---

[5] In so ruling, Judge Nelson informed Virgess that if he was "seeking the invalidation of his sentence and his release, he may file a habeas petition pursuant to 28 U.S.C. § 2254 in this Court on this Court's habeas petition form after he has exhausted his state court remedies." *Id.* at *3 (citation omitted).

6

this Court on June 20, 2012. (*See* Doc. 1, at 13.)[6] Therein, Virgess raises the following claims: (1) the trial court was without jurisdiction to render judgment or impose sentence; and (2) the sentences imposed by the trial court are illegal by law. (Doc. 1, at 7.)[7] In his petition, Virgess contends that the one-year statute of limitations contained in the AEDPA does not apply to bar his petition because the Circuit Court of Marengo County, Alabama "has failed in whole to address the Rule 32 Post-conviction Petition so this Petitioner can fully exhaust his state remedies, but insist[s] [on] keep[ing] this Petitioner illegally restrain[ed] of his liberty in (ADOC)." (*Id*. at 13.)

In response to this Court's "exhaustion" and "statute of limitations" show cause order (*see* Doc. 11), petitioner insists that this Court should not find his petition time barred because the claims he raises call into question the trial court's subject-matter jurisdiction. (*See* Doc. 15, at 3-5.)

> According to the statute of limitations defense Petitioner provides that his conviction and incarceration are illegal and unconstitutional because the State Circuit Court never had jurisdiction to accept a plea in a County where no offense were committed, then subsequently, sentence Petitioner in a County where an allege[d] offense were committed, the State Circuit Court did not have subject-matter jurisdiction pursuant to the [Due Process Clause] under the Fifth and Fourteenth Amendments to the U.S. Constitution, and 28 U.S.C. § 2254, governing habeas corpus, therefore, he has the right to raise his habeas corpus petition under 28 U.S.C. § 2254. . . . Petitioner claims that his convictions and sentences are unconstitutional because it was not within the State of Alabama's authority under the [Due Process Clause] and [Equal Protection Clause] to enter Petitioner's guilty plea in [Sumter County, Alabama] where no

---

[6] In response to the undersigned's September 25, 2012 show cause order (*see* Doc. 11), petitioner contends that his failure to exhaust should be excused because of the State's unreasonable failure to timely address his Rule 32 petition (Doc. 15, at 2). Because the instant petition is unquestionably time-barred, it is unnecessary for this Court to address Virgess' admitted failure to exhaust his state court remedies and whether such failure should be excused.

[7] Petitioner contends, as well, that the Constitution of the United States requires his immediate release from the custody of the Alabama Department of Corrections. (*Id*. at 8.)

> offense were committed and then subsequently[] sentence Petitioner in [Marengo County, Alabama] where the alleged offense[s] were committed. Moreover, Petitioner provides that the State of Alabama and the Circuit Courts of Sumter County, Alabama and Marengo County, Alabama committed an [Act of Fraud] by indicting him in one County [Marengo] and convicting him by a guilty plea in another County [Sumter], thus, making his conviction and sentencing null and void, and he shall have the convictions vacated and sentences set aside and be released from prison immediately.
>
> Wherefore, under the surrounding circumstances and constitutional rights violations Petitioner shows cause why this cause of action must not be dismissed based on his failure to comply with 28 U.S.C. § 2244(d)(1)(A), and since jurisdictional claims cannot be waived, forfeited, time-barred, or procedurally defaulted, the United States District Court has the obligation to address the merits of Petitioner's jurisdictional claims; due process clause; and equal protection clause of the U.S. Constitution.

(*Id.* (citations omitted).)

## CONCLUSIONS OF LAW

**A.     Statute of Limitations and Application of the Statute to the Facts of this Case.**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

8

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case (*see* Doc. 15, at 4 (petitioner's concession that subsection (A) applies)) and therefore, the timeliness of Virgess' petition must be calculated under § 2244(d)(1)(A) based upon the date on which his attempted murder and first-degree rape convictions became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Virgess' convictions became final in 2007.

Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" In *Bond v. Moore*, 309 F.3d 770 (2002) and *Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347 (2002), the Eleventh Circuit joined the majority of circuits regarding the meaning of subsection (A) and held that the statute of limitations period contained in 28 U.S.C. § 2244(d) does not begin to run "until the 90-day window during which Appellant could have

9

petitioned the United States Supreme Court for a writ of certiorari expired." 309 F.3d at 771; *see also id.* at 774 ("Appellant was entitled to file a petition for a writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have begun to run until this 90-day window had expired. Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing. The statute of limitations should have begun to run, therefore, on March 13, 1997."); *Jackson, supra*, 292 F.3d at 1348-1349 & 1349 ("While we have not directly dealt with the issue in the context of a section 2254 petition, we indicated in dicta that, under the AEDPA, a state prisoner may have the benefit of the 90-day window before his conviction is considered final. . . . In the instant case, the Fourth District Court of Appeals of Florida [] affirmed Jackson's conviction on October 17, 1997. Giving Jackson the extra 90 days in which he could have filed for certiorari to the Supreme Court, Jackson's conviction became final at the latest on January 15, 1998."); *see Pugh v. Smith,* 465 F.3d 1295, 1299 (11th Cir. 2006) (AEDPA's one-year statute of limitations "allows a prisoner the time to seek direct review in the Supreme Court of the United States."); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("Under the statute, a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until--following a decision by the state court of last resort--'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'"); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) ("[T]he one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired. A criminal defendant has only ninety days following the

entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari."); *Bowen v. Roe,* 188 F.3d 1157, 1158-1159 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Therefore, when a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."). Under the facts of this case, this Court need add the ninety days contemplated by Supreme Court Rule 13.1 since petitioner appealed his case to Alabama's court of last resort on his direct appeal as of right. The Alabama Supreme Court denied Virgess' petition for writ of certiorari on December 8, 2006. Ninety days added to this date renders a beginning date for petitioner's statute of limitations of March 8, 2007.

Petitioner's one-year period of limitations under AEDPA began to run on March 8, 2007 and expired on March 8, 2008. Virgess is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"), because he did not file any state collateral attacks on his convictions and sentences until the filing of his Rule 32 petition in the Circuit Court of Marengo County, Alabama on October 7, 2010, more than two years after his one-year limitations period expired. Therefore, that Rule 32 petition

11

obviously had no tolling effect on his one-year limitations period. *Compare McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) ("While a Rule 32 petition is a tolling motion under § 2244(d)(2), it cannot toll the one-year limitations period if that period has expired prior to filing the Rule 32 petition.") *with Howell v. Crosby,* 415 F.3d 1250, 1251 (11th Cir. 2005) ("On March 19, 1999, Howell's attorney filed a motion for an extension of time within which to file a petition for postconviction relief. That motion was granted and Howell's attorney filed a state petition for postconviction relief on August 30, 1999, more than two months after the federal limitations period elapsed. It is undisputed that Howell's motion for an extension of time did not meet the criteria of section 2244(d)(2) as a 'properly filed application' for postconviction relief."), *cert. denied,* 546 U.S. 1108, 126 S.Ct. 1059, 163 L.Ed.2d 885 (2006), and *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied,* 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 413, 125 S.Ct. 1807, 1811-1812, 161 L.Ed.2d 669 (2005) ("As in *Artuz*, we are guided by the 'common usage' and 'commo[n] underst[anding]' of the phrase 'properly filed.' In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exceptions. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay."). Accordingly, the only avenue by which this Court can consider the

12

merits of petitioner's § 2254 petition is by finding that he is entitled to equitable tolling of AEDPA's one-year limitations period.

Recently, in *Holland v. Florida*, 560 U.S. __, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at __, 130 S.Ct. at 2560, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at __, 130 S.Ct. at 2562. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue:  "Equitable tolling is to be applied when extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition. . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation and internal quotation marks omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The

13

petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."). The Supreme Court in *Holland* indicated that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence[,]" *id*. at __, 130 S.Ct. at 2565, and gave the following guidance with respect to "extraordinary circumstances":

> We have previously held that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.
>
> The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at __, 130 S.Ct. at 2564.

In this case, petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Petitioner makes no

argument that he was ignorant of the one-year limitations period (*see* Doc. 15).⁸ Instead, it is Virgess' position that the one-year limitations period simply is not applicable to his case since he raises jurisdictional issues. (*See* Doc. 15, at 3-5.) However, Virgess has cited no authority which stands for this proposition; in fact, the authority which exists stands for the contrary proposition that jurisdictional challenges are not excluded from the one-year limitations period. *See, e.g., Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) (pointing out that "[n]othing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period" and holding that such petitions "are not exempt from § 2255's filing deadline"); *Davis v. Secretary, Dep't of Corrections,* 2009 WL 4730548, *1 (M.D. Fla. Dec. 7, 2009) ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction to impose the sentence for the conviction because the indictment was defective."); *United States v. Williams,* 2009 WL 3230399, *8 (N.D. Fla. Oct. 2, 2009) ("Jurisdiction is specifically listed as a ground for § 2255 relief, and is not excluded from [] the one year limitations period of § 2255(f)[.]"), *aff'd,* 383 Fed.Appx. 927 (11th Cir. June 21, 2010), *cert. denied,* ___U.S.___, 131 S.Ct. 846, 178 L.Ed.2d 575 (2010). Accordingly, the undersigned concludes that nothing other than petitioner's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. This is simply not

---

⁸ In truth, such an argument would not serve as a basis to equitably toll the limitations period. *Gardner v. Walker*, 2005 WL 1127137, *1 (M.D. Ga. May 7, 2005) ("'Ignorance of the law is no excuse; it is not a reason for equitable tolling.' . . . Here, Petitioner's Objection is without merit because his ignorance of AEDPA's limitations period fails to amount to 'extraordinary circumstance[s]' for equitable tolling purposes."); *see also Burton v. Deloach,* 2008 WL 2131398, *2 (M.D. Ala. Mar. 13, 2008) ("The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period."), *report & recommendation adopted,* 2008 WL 2131395 (M.D. Ala. May 20, 2008); *see Teel v. Farrell*, 2006 WL 1148817, *4 (M.D. Ala. Apr. 28, 2006) ("[A]n inmate's status as a pro se litigant does not warrant equitable tolling.").

one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.

To the extent petitioner's argument can be read to suggest that the one-year limitations period is not applicable to his case because he is actually innocent of the attempted murder and first-degree rape of Beatrice Scott, such argument need be rejected. Although the Eleventh Circuit has not yet decided "whether a showing of actual innocence is an exception to the one-year statute of limitations in AEDPA[,]" *Ray v. Mitchem*, 272 Fed.Appx. 807, 810 n.2 (11th Cir.),[9] *cert. denied*, 555 U.S. 898, 129 S.Ct. 204, 172 L.Ed.2d 170 (2008), it has guided courts to make the actual innocence inquiry as opposed to "addressing the difficult constitutional question of whether the limitations period constitutes a violation of the Suspension Clause if the petitioner can show actual innocence[.]" *Id*. To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *see also id*. at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). Virgess has not come forward with any new reliable evidence which establishes his actual innocence of the attempted murder and first-degree rape of Beatrice Scott and thereby undermines his convictions.[10] Accordingly, his federal habeas petition is time-barred.

---

[9] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[10] Indeed, petitioner cannot establish his actual innocence given his guilty plea admission, through his attorney, that the State's forensics report established a "positive DNA (Continued)

16

*Cf. Justo v. Culliver*, 317 Fed.Appx. 878, 881 (11th Cir. 2008) ("Justo fails to show actual innocence to the offense to which he pleaded guilty. No error has been shown in the dismissal of Justo's habeas petition as time-barred.").

B.      **Certificate of Appealability.**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931

---

match that [he] raped the victim and committed attempted murder." (Doc. 10, Exhibit 1, Part 3, Guilty Plea Tr. at 3.) Moreover, his "jurisdictional" claims offer nothing but "smoke" and "mirrors" given that the Seventeenth Judicial Circuit in Alabama, which only one circuit judge "rides," comprises all courts in three counties (i.e., Greene, Marengo, and Sumter Counties) and petitioner neither objected to the taking of his guilty pleas in Livingston, Alabama (home of the Sumter County Courthouse) nor has he established—by citation to binding precedent—any impropriety in Judge Hardaway "sitting" as the Circuit Court of Marengo County, Alabama in Livingston, Alabama in order to take those guilty pleas.

17

(2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Because equitable tolling is an extraordinary remedy which is rarely granted, *see, e.g., Diaz, supra,* 362 F.3d at 701 ("[T]his court has rejected most claims for equitable tolling."), the undersigned finds that a reasonable jurist could not conclude that this Court is in error for failing to reach the merits of petitioner's claims, nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his claims. *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report & recommendation adopted,* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## **CONCLUSION**

The Magistrate Judge recommends that Christopher Virgess' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 16th day of November, 2012.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.     *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[11] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[11]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).